Sudetic *v.* Pennsylvania Railroad Company, Appellant.

Argued September 28, 1959. Before Bell, Mus-
manno, Jones, Cohen, Bok and McBride, JJ.

*Bruce R. Martin,* with him *Pringle, Bredin & Martin,* for appellant.

*J. Thomas Hoffman,* with him *Ernest G. Nassar,* and *Charles F. McKenna,* for appellee.

Opinion by Mr. Justice Cohen, November 24, 1959:
Gregory M. Karavanic, the appellee's decedent, was killed when the truck which he was driving collided with appellant's train at a crossing. Two mail clerks, who were on the train, were also injured.

Karavanic was traveling in his truck on U. S. Highway Route 36 near Dennison, Ohio, in a very dense fog at a speed of ten to twenty miles an hour approaching Wolf's crossing. The highway at this point was north and south and the railroad tracks east and west. The driver of a bus who travelled behind the truck for two

or three miles testified that he saw the truck's rear lights signaling a stop before crossing with two lights facing north and two lights facing south. However, he was unable to state whether or not the truck was beyond the flasher lights on the north side of the track when it stopped. The bus driver's assistant testified substantially the same as the driver. He testified that the truck stopped approximately ten feet in front of the tracks. Another mail clerk, along with the bus driver's assistant, testified that no whistle warning of the train's approach was ever blown. After stopping in front of the track Karavanic started across and was practically over the second of the two sets of tracks when he was struck at the rear end of his trailer by a passenger train. He was killed and his tractor-trailer was damaged. The locomotive was derailed, the engineer and fireman were killed.

Mack Miller, one of the injured mail clerks, brought suit against the railroad. Karavanic's administratrix and his employer were brought upon the record by the railroad as additional defendants. After starting her suit against the railroad, the appellee, administratrix of Karavanic's estate, petitioned the court to consolidate her case against the railroad with the Miller case which had been remanded for a new trial, *Miller v. Pennsylvania Railroad Company*, 368 Pa. 507, 84 A. 2d 200 (1951), and have them tried at the same time in order that a verdict should not be entered against the plaintiff without an opportunity to present her case. The petition to consolidate the two cases was granted as also was the third case brought by the other mail clerk, Lloyd Killen. The trial judge, at the request of the railroad's counsel and fearful that the diverse issues between the many parties might tend to confuse the jury, called counsel for all concerned and asked for a vote to see how many wanted the appellee's case stricken from the consolidation. All counsel except ap-

pellee's desired the case stricken. Because of appellee's contention that if a verdict against her without having an opportunity to present her side of the case would be construed as *res judicata,* the court directed the parties to enter into a stipulation. The appellee and the appellant entered in the following stipulation:

"Whereas, various other individuals have brought actions against the said Pennsylvania Railroad Company at separate numbers and terms in the Court of Common Pleas of Allegheny County, Pennsylvania; and,

"Whereas, in the said actions by other individuals against the Pennsylvania Railroad Company did, by appropriate writ, join the Estate of Gregory M. Karavanic as an individual defendant; and,

"Whereas, Georgiana C. Karavanic, by her counsel filed a Petition to consolidate her case with the cases of the other individual Plaintiffs, for trial; and,

"Whereas, counsel for the Pennsylvania Railroad Company has requested the withdrawal of said Petition to Consolidate in order that the separate trials may be more expeditiously disposed of,

"Now THEREFORE, it is mutually agreed and stipulated by and between counsel for the parties that the petitions to consolidate shall be withdrawn and the Court requested to rescind the orders entered thereon and that the failure of the additional defendant Georgiana C. Karavanic to present her claims for damages arising out of the death of her husband in the actions in which she has been joined as administratrix of her husband's estate shall not be raised or pleaded as a bar to the prosecution of her pending action at No. 1821 July Term, 1949."

After appellee filed her complaint against the appellant, the railroad filed an answer raising the defense of *res judicata* contending that the jury in the *Miller* and *Killen* cases found a verdict against all

three defendants, including the appellee. *Killen v. Pennsylvania Railroad Company*, 376 Pa. 320, 102 A. 2d 140 (1954). After argument the court refused a motion for judgment on the pleadings. During the trial of this case, the railroad again raised the question of *res judicata* and introduced testimony intended to show what was meant by the stipulation. The jury found the railroad negligent and found the appellee—decedent free from contributory negligence, and awarded a verdict for the appellee. Motions for judgments n.o.v. and a new trial were overruled and this appeal followed.

Appellant's first contention was that the trial court was in error when it held that the defense of *res judicata* could not be raised. We think the trial court's determination is correct. When one examines the stipulation, including the various whereas clauses which are written in as part of the agreement in order to show the circumstances under which the stipulation was signed, the inescapable conclusion under its express terms is that the appellant is precluded from raising the defenses based on the outcome of the other suit. Since the stipulation states that the failure of appellee to present her claim in the action in which she was an additional defendant "shall not be raised or pleaded as a bar to the prosecution" of this action, appellant argues that the only purpose of this stipulation was to save the appellee's rights from being merged in the judgment in the event there was a verdict in her favor as an additional defendant in the other case. However, taking the entire stipulation as a whole it is clear that all the parties contemplated another suit with the appellee as plaintiff and that matters which were adjudicated in the mail clerk's suit would not be pleaded against her. Since the written stipulation was clear, the testimony which the railroad introduced as to the negotiations leading up to the signing of the stipulation

was improper. It is an established rule of law that oral testimony cannot be introduced to contradict an expressed written agreement. *Boyd Estate,* 394 Pa. 225, 146 A. 2d 816 (1958). Also, it is quite obvious that a party who is just an additional defendant is in an entirely different position both as to issues raised and the proof necessary than a party who is an additional defendant *and* a plaintiff. Since the appellee was precluded from being a plaintiff in this action at the insistence of appellant, it would be a gross injustice to say that the issues of the decedent's negligence had been adjudicated and is now a bar in the present action.

Appellant also contends that it is entitled to a judgment n.o.v. because there was contributory negligence as a matter of law in that there was no evidence that the truck stopped at a sufficient distance from the crossing in order to see the flasher lights. The law of Ohio is clear that there is no absolute duty on the part of the driver to stop before entering a grade crossing, *Smith v. Pennsylvania R. Co.,* 40 N.E. 2d 445 (Ohio Ct. Ap. 1941), and since the accident occurred there, the law of Ohio controls; hence, the question of where the truck stopped is irrelevant. This is also the answer to appellant's contention that the court's charge was inadequate as to contributory negligence which was based on the same grounds.

Finally, appellant argues that the verdict was against the weight of the evidence. There was sufficient evidence introduced to show that the train never blew a whistle before approaching the crossing, which was testified to by three witnesses.

As this Court said in *Killen v. Pennsylvania Railroad Company,* supra, where the facts were the same as are present here: " 'We believe that the evidence in the instant case did warrant the jury in finding that the flasher lights [on the north side of the railroad tracks]

could not have been seen by the truck driver' " We went on to say that "we cannot substitute our judgment for that of the jury, however, when there is credible evidence to sustain the verdict returned by them. As we stated before, this court is bound to take the facts in the light most favorable to the plaintiff and not substitute therefor the argument or the facts as reconstructed by the Railroad Company. . . ."

Judgment affirmed.